UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| REXAM INC., | Civil No. 03-2998 (PJS/JJG) |
| | Civil No. 06-1627 (PJS/JJG) |
| Plaintiff, | |
| v. | |
| UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC; INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS; UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, LOCAL 0188S; and WALDO W. SLAGERMAN, MARLENE A. RUDOLPH, STEVEN J. STOLARSKI, FRANK KIESWETHER, LARRY ALFORD, GEORGE A. KNIEFEL, GAIL J. REARICK, and DWAYNE L. WILSON, Individually, and as Representatives of Persons Similarly Situated, | |
| | MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |
| PAUL BAKER and GERTRUDE E. HOTALEN, On Behalf of Themselves and Others Similarly Situated, and UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, | |
| Plaintiffs, | |
| v. | |
| REXAM INC., REXAM RETIRED EMPLOYEES GROUP INSURANCE PLAN, and DOES 1-20, | |
| Defendants. | |

Edward J. Feinstein, John Stember, Jere Krakoff, Stephen M. Pincus, Pamina G. Ewing, STEMBER FEINSTEIN, 429 Forbes Avenue, Suite 1705, Pittsburgh, PA 15219; Mark W. Bay, PETERSON ENGBERG & PETERSON, 400 Second Avenue South, Suite 700, Minneapolis, MN 55401; William T. Payne, LAW OFFICE, 1007 Mount Royal Boulevard, Pittsburgh, PA 15223, for the ACC and ANC (Former ACC Plants) USWA Pre-583 Plan Subclass, class representative Gertrude Hotalen, and United Steelworkers of America, AFL-CIO-CLC.

James P. McLoughlin, Jr., Alton L. Gwaltney, III, Mark A. Nebrig, MOORE & VAN ALLEN, 100 Tryon Street North, Suite 4700, Charlotte, NC 28202; Timothy E. Branson, DORSEY & WHITNEY LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Rexam Inc. and Rexam Retired Employees Group Insurance Plan.

Rexam Inc. and its predecessors American Can Company ("ACC"), National Can Company ("NCC"), and American National Can Company ("ANC") — which will sometimes be referred to collectively as "Rexam" — have provided health benefits to retired employees for approximately 50 years. Rexam made changes to those benefits in 2002, the retirees protested, and Rexam filed a lawsuit against a number of its retirees and two unions that formerly represented them — the United Steelworkers of America ("USWA") and the International Association of Machinists and Aerospace Workers ("IAM"). *See Rexam Inc. v. Slagerman*, No. 03-2998 (PJS/JJG) (D. Minn. filed May 1, 2003) ("*Rexam I*"). In that case, Rexam seeks, among other things, a declaration that retiree health benefits are not vested, and therefore Rexam has the right to modify them. The defendants have counterclaimed, seeking, among other things, a declaration that retiree health benefits are vested, and therefore Rexam does not have the right to modify them.

Rexam initially sought certification of a single defendant class of retirees. But the need for subclasses soon became apparent, given that the former Rexam employees retired under different collective bargaining agreements ("CBAs") and health benefit plans ("plans")

negotiated by different unions with different companies at different times. The Court therefore certified five subclasses of defendant retirees (and their eligible beneficiaries). *Id.*, 2005 WL 1260914 (D. Minn. May 25, 2005); *id.*, 2005 WL 2318957 (D. Minn. Sept. 22, 2005).

Rexam moved for summary judgment with respect to all five subclasses. On February 21, 2006, Judge Ann D. Montgomery denied Rexam's motions in their entirety. *Id.*, 2006 WL 435985 (D. Minn. Feb. 21, 2006). The case was later transferred to the undersigned. Pending at the time of the transfer was a request from Rexam for permission to move for reconsideration of Judge Montgomery's ruling. The undersigned granted that request in part, and, by orders dated August 31, September 18, and September 29, 2006, the undersigned granted summary judgment to Rexam with respect to three of the five subclasses, as well as with respect to some members of the remaining two subclasses. The undersigned found that the evidence of vesting in the CBAs and plans applicable to those defendants was so weak, and the evidence of non-vesting found in the same documents was so strong, that no reasonable jury could find that retiree health benefits were vested. With respect to the remaining defendants, however, the undersigned agreed with Judge Montgomery's earlier holding that those retirees were covered by CBAs and plans that contained stronger vesting language — language strong enough to preclude summary judgment.

Roughly speaking, what divides the retirees whose claims have been dismissed from the retirees whose claims have not been dismissed is the identity of the Rexam predecessor for which the retirees worked. ACC retirees, and retirees from plants that were ACC plants before being acquired by ANC and then Rexam, were covered by CBAs and plans that could plausibly be read to vest benefits. *See, e.g., id.*, Feinstein Aff. Ex. 16 at R002777 (1974 ACC-USWA

CBA stating "[y]our medical expense benefits discontinue upon your death"); *id.*, Pl.'s Br. Supp. Summ. J. Against USWA Defs. App. 6 at R012990 (1987 ANC Group Insurance Plan for Retired USWA Employees stating the same). By contrast, NCC retirees, and retirees from plants that were NCC plants before being acquired by ANC and then Rexam, were not covered by such CBAs and plans. *See id.*, 2006 WL 2530384, at *10-14 (D. Minn. Aug. 31, 2006) (discussing language applicable to NCC retirees).

For reasons that need not be recounted here, some Rexam retirees are not parties to *Rexam I*. Those retirees are instead parties to other lawsuits brought by or against Rexam. The issue in those cases, as in *Rexam I*, is whether retiree health benefits are vested.

One of those cases is *Baker v. Rexam Inc.*, No. 06-1627 (PJS/JJG) (D. Minn. transferred Apr. 28, 2006) — a case that was filed in the Northern District of California, that was transferred to this Court, and that is in the process of being consolidated with *Rexam I*. *Baker*, like *Rexam I*, involves retirees who were represented by the USWA. By stipulation of the parties, the Court certified two plaintiff/counterclaim-defendant subclasses in *Baker*:

> First, the *USWA Managed Care Election Subclass*, defined to include retirees formerly represented by the USWA who retired from ANC, ACC, or NCC before March 1, 1993, and their surviving spouses, who later elected to enter Rexam's Freedom of Choice Plan, and who were eligible to receive benefits on January 1, 2002.
>
> Second, the *ACC and ANC USWA (Former ACC Plants) Pre-583 Plan Subclass*, defined to include retirees formerly represented by the USWA who retired from ACC between January 1, 1960 and August 31, 1987, and their surviving spouses, who were eligible to receive retiree health benefits from Rexam on January 1, 2002; and retirees formerly represented by the USWA who retired between September 1, 1987 and July 31, 1994 from ANC plants that were former ACC plants, and their surviving spouses, who were eligible to receive retiree health benefits from Rexam on January 1, 2002.

*See Baker*, No. 06-1627, Order ¶ 4 (D. Minn. Oct. 24, 2006).

The claims in *Baker* mirror those in *Rexam I*. All plaintiffs bring a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the individual plaintiffs bring a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., alleging that Rexam's changes to their medical and prescription drug benefits[1] violated vesting provisions in applicable CBAs and plans. *See Baker*, No. 06-1627, Fourth Am. Compl. ¶¶ 32-37. Rexam counterclaims under the LMRA, ERISA, and the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), claiming that it has the right to amend, modify, or terminate these benefits at will. *See Baker*, No. 06-1627, Countercl. ¶¶ 36-49. Rexam has moved for summary judgment with respect to the claims by and against the two subclasses.

*The USWA Managed Care Election Subclass.* Rexam's motion has already been granted with respect to part of the USWA Managed Care Election Subclass. *See id.*, No. 06-1627, Order ¶¶ 5-9, 16-18 (D. Minn. Oct. 24, 2006). As noted, the Court earlier granted summary judgment in *Rexam I* with respect to those defendants who retired from NCC plants or from plants that had been NCC plants before being acquired by ANC and then Rexam. The parties agree that the same contractual provisions that apply to those retirees in *Rexam I* also apply to the NCC members of the USWA Managed Care Election Subclass in *Baker*. Obviously, the retirees do not agree with this Court's decision in *Rexam I*. But the retirees concede that nothing distinguishes the NCC retirees in the USWA Managed Care Election Subclass in *Baker* from the

---

[1] In their class certification motion papers and at the class certification hearing on September 28, 2006, the parties indicated that life insurance is a part of the retiree welfare benefit package and is an issue in this case. There is no reference to life insurance in the fourth amended complaint, but Rexam's counterclaim does refer to life insurance. Because the current motion does not refer to any claims concerning life insurance, these claims, including any such claims by plaintiffs, are excluded from this summary judgment order, unless the parties stipulate otherwise.

NCC retirees against whom summary judgment was entered in *Rexam I*. For that reason, the parties consented to the entry of judgment against the NCC members of the USWA Managed Care Election Subclass, while fully preserving plaintiffs' right to challenge that judgment on appeal.

*The ACC and ANC (Former ACC Plants) USWA Pre-583 Plan Subclass.* That leaves the ACC and ANC (Former ACC Plants) USWA Pre-583 Plan Subclass. Members of this subclass rely heavily on language in CBAs or plans that informs retirees that their health benefits will "discontinue upon your death." In *Rexam I*, Judge Montgomery held that similar language provided sufficient evidence of vesting to preclude granting summary judgment to Rexam. *See Rexam I*, No. 03-2998, 2006 WL 435985, at *10 (D. Minn. Feb. 21, 2006) (quoting the "discontinue upon your death" clause). The undersigned did not disturb that holding. In *Angotti v. Rexam*, No. 06-657 (PJS/JJG) (D. Minn. transferred Feb. 21, 2006), the undersigned discussed similar "discontinue upon your death" language in the context of denying a motion for a preliminary injunction. The undersigned described at length why that language did not provide sufficient evidence of vesting to give the retirees a likelihood of success on the merits, but did provide sufficient evidence of vesting to make it unlikely that summary judgment would be granted in favor of Rexam. *See id.*, No. 06-657 (D. Minn. Oct. 25, 2006) (order denying preliminary injunction).

The Court need not repeat that discussion here. For the reasons given by Judge Montgomery in *Rexam I* and by the undersigned in *Angotti*, the Court holds that the "discontinue upon your death" language can reasonably be interpreted to provide vested health benefits to retirees. For that reason, Rexam is not entitled to summary judgment. *See Barker v. Ceridian*

*Corp.*, 122 F.3d 628, 635 (8th Cir. 1997) ("[T]o reach a trier of fact it is enough to point to written language that could be interpreted as a promise to vest the recipient's benefits.") (citing *Am. Fed'n of Grain Millers v. Int'l Multifoods Corp.*, 116 F.3d 976, 980 (2d Cir. 1997)).  The claims by and against the ACC and ANC (Former ACC Plants) USWA Pre-583 Plan Subclass will have to be tried.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion for summary judgment [Docket No. 99 in Civil No. 06-1627] is DENIED with respect to the claims by and against the ACC and ANC (Former ACC Plants) USWA Pre-583 Plan Subclass, class representative Gertrude Hotalen, and the related claims by and against plaintiff United Steelworkers of America, AFL-CIO-CLC.

Dated: November  9,  2006         s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge