UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| REXAM INC.,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC; and GERTRUDE HOTALEN, LARRY ALFORD, and FRANK KIESWETHER, individually, and as representatives of persons similarly situated,<br><br>           Defendants. | Case No. 03-CV-2998 (PJS/JJG)<br><br><br><br>JUDGMENT<br>Re: ACC Class Settlement |

With respect to the claims and defenses by and against the defendant ACC Class (as defined in Docket No. 361) and Rexam Inc. ("Rexam"), JUDGMENT IS ENTERED AS FOLLOWS:

1. The Court, for the purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Regarding Settlement of a Class Action ("Stipulation") filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Class, the USW, and Rexam.

3. The Court finds that the distribution of the Notice to Class Members Regarding Settlement of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and Minnesota law. Based on evidence and

      other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable, and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6. All of the Released Claims are dismissed with prejudice as to Rexam, the USW, the Class Representatives, and the other Members of the Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. This Court has certified the ACC Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of the Federal Rules of Civil Procedure and any applicable State Civil Code.

8. With respect to the ACC Class and for purposes of approving this settlement, this Court finds and concludes that: (a) the ACC Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of Class Representatives Gertrude Hotalen, Larry Alford, and Frank Kieswether are typical of the claims of the members of the class; (d) the Class Representatives will fairly and adequately protect the interests of the class; (e) Rexam has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory

      relief with respect to the class as a whole; (f) the prosecution of separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Rexam; and (g) Class Counsel is qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the ACC Class, based on the work Class Counsel has done in identifying and investigating the potential claims in this action, Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, Class Counsel's knowledge of the applicable law, and Class Counsel's resources to commit to representing the ACC Class.

9.     By this Judgment, Rexam, the USW, and the Class Representatives shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims).  The Released Claims are as defined in the Stipulation.

10.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability, or lack thereof, of Rexam or any of the Rexam Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of Rexam or any of the Rexam Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Rexam shall not be estopped or otherwise precluded from contesting class certification in the Litigation on any grounds.  Any of the Settling Parties may file the Stipulation and the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Class, the USW, and Rexam for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Judgment.

12. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

Dated: August 29, 2007                    s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge